JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

MATTHEW L. McCARTHY (CABN 217871)
Assistant United States Attorney

   450 Golden Gate Avenue, 11th Floor
   San Francisco, California  94102
   Telephone:  (415) 436-6488
   Fax:  (415) 436-6838
   Email: Matthew.McCarthy@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>    Plaintiff, )<br><br>  v. )<br><br>BRANDON BERNARD )<br><br>  and )<br><br>STEPHEN GRADY, )<br><br>    Defendants. )<br>_____ ) | No.  CR-09-0028-MMC<br><br>[~~PROPOSED~~] ORDER EXCLUDING TIME FROM APRIL 1, 2009 THROUGH May 6, 2009 |

    On April 1, 2009, the parties in this case appeared before the Court.  At that time, the Court

found that time should be excluded from the Speedy Trial Act calculations from April 1, 2009

through May 6, 2009 for effective preparation of and continuity of defense counsel.  The Court

found that the continuance was the reasonable time necessary for effective preparation and

continuity of defense counsel, taking into account the exercise of due diligence.  See 18 U.S.C. §

3161(h)(7)(A).

[PROPOSED] ORDER EXCLUDING TIME
No.  CR-09-0028-MMC

Specifically, the Court found that the following factors constituted a sufficient basis for exclusion of time:

1. Counsel for defendant Stephen Grady indicated that he would need to obtain discovery from the government relating to DNA testing and analysis performed by the San Francisco Police Department Crime Lab in this matter.  Counsel for Mr. Grady further indicated that, once the discovery was provided, his own retained expert would need time to review that discovery.

2. Counsel for defendant Brandon Bernard indicated that he would be involved in the trial of another matter during the month of April, and would not be able to appear before the Court on this matter during the pendency of that trial.

The Court therefore found that the ends of justice served by granting such a continuance outweighed the best interests of the public and the defendants in a speedy trial.  See 18 U.S.C. § 3161(h)(7)(A).  The failure to grant this continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice.

SO ORDERED.

DATED: ___May 6, 2009___

_____
THE HONORABLE MAXINE M. CHESNEY
United States District Court Judge

[PROPOSED] ORDER EXCLUDING TIME
No.  CR-09-0028-MMC                    2