JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

MATTHEW L. McCARTHY (CABN 217871)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7044
    FAX: (415) 436-7234
    Matthew.McCarthy@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 09-0028-MMC |
|     Plaintiff, ) | |
| v. ) | [~~PROPOSED~~] **ORDER OF DETENTION OF DEFENDANT BRANDON BERNARD** |
| BRANDON BERNARD, ) | |
|     Defendant. ) | |

    The defendant Brandon Bernard came before this Court on June 11, 2009 for a detention hearing. The defendant was present and represented by Loren Stewart of the Federal Public Defender's Office. Assistant United States Attorney Matthew L. McCarthy represented the United States.

    The government requested detention, submitting that no condition or combination of conditions would reasonably assure the safety of the community.

    Pretrial Services submitted a report recommending detention.

    Upon consideration of the Pretrial Services report, the court file and the party proffers as

No. CR 09-0028-MMC
[~~Proposed~~] Detention Order

discussed below, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. The Court also finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(I).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant Brandon Bernard is charged with two counts of violation 18 U.S.C. § 922(g) (felon in possession of firearm/ammunition).

After hearing the proffers of both parties, the Court finds that the United States has shown by a preponderance of the evidence that no combination of conditions will reasonably assure the appearance of the defendant as required. In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the defendant's appearance:

1. The defendant has been unemployed for some period of time prior to his arrest;

2. The defendant has four prior felony convictions;

No. CR 09-0028-MMC
[Proposed] Detention Order

       3.     The defendant has violated previous grants of probation at least seven (7) times;

       4.     The defendant has been the subject of five (5) bench warrants in prior cases;

       5.     The defendant was on felony probation at the time of the instant offense; and

       6.     The defendant fled from police officers during the instant offense and on previous occasions.

These factors, among others adduced at the hearing, demonstrate by a preponderance of the evidence that no combination of conditions would assure the appearance of the defendant as required if he were released.

     Further, the Court finds that the United States has met its burden of showing by clear and convincing evidence that no combination of conditions can reasonably assure the safety of the community. In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the community's safety:

       1.     The defendant has four prior felony convictions;

       2.     The defendant has violated previous grants of probation at least seven (7) times; and

       3.     The defendant was on felony probation at the time of the instant offense.

These factors, among others adduced at the hearing, clearly and convincingly demonstrate that if released the defendant would be a danger to the community.

     Accordingly, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the

No. CR 09-0028-MMC
[Proposed] Detention Order

government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: Jan. 5, 2010



_____
JOSEPH C. SPERO
United States Magistrate Judge

No. CR 09-0028-MMC
[Proposed] Detention Order